STATE

v.

Anthony J. D'ALO.

No. 94–20–C.A.

Supreme Court of Rhode Island.

Nov. 4, 1994.

Jeffrey Pine, Atty. Gen., Andrew Berg, Sp. Asst. Atty. Gen., Aaron Weisman, Asst. Atty. Gen., for plaintiff.

Leo Wold, Goldenberg & Muri, Providence, for defendant.

OPINION

PER CURIAM.

This matter came before the Supreme Court for oral argument pursuant to an order directing both the state and the defendant to appear and show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown. The issues raised will be considered at this time.

The defendant, Anthony J. D'Alo, has appealed his conviction on two charges of driving with a suspended license pursuant to G.L.1956 (1982 Reenactment) § 31–11–18, as amended by P.L.1988, ch. 646, § 1. He was sentenced to one year at the Adult Correctional Institutions on one charge and to six months on the other.

The first charge followed an automobile accident involving defendant on April 4, 1992. At the scene defendant told the police officer that his license had been suspended, which was confirmed by a computer check. The second charge arose when defendant was stopped by a police officer because the rear registration plate on his vehicle was covered with dirt and therefore not readable. The defendant was also charged with not having a rear-view mirror on his car. When this officer ran a check on defendant's license, he learned that the license had been suspended.

■ On appeal defendant argues that he is entitled to a new trial for several reasons, which we shall consider in order. First, defendant alleges that a driver's abstract from the Registry of Motor Vehicles was improperly introduced into evidence.

Under Rhode Island law, specifically G.L. 1956 (1982 Reenactment) § 31–2–10, as amended by P.L.1993, ch. 138, art. 85, § 7, an abstract of an operator's driving record would show not only the motor vehicles registered to the operator but also any convictions for violations and any accidents in which the operator had been involved. An abstract of defendant's driving record was introduced that included a violation in the State of New York as well as violations that occurred in Rhode Island. This abstract was clearly admissible under Rules 901(b)(7) and 902(4) of the Rhode Island Rules of Evidence. Rule 901(b)(7) sets out the requirements for authentication of public records as follows:

"(b) *Illustrations.* By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

\* \* \* \* \* \*

(7) *Public Records or Reports.* Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept."

The abstract introduced in this case is a required recording under § 31–2–10. It was produced in court through the supervisor of License and Registration Services of the Rhode Island Registry of Motor Vehicles, the abstract met the requirements of identification and authentication, its existence was required by law, and it is kept in a public office where it would naturally be found.

This abstract was also admissible under Rule 902(4):

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to \* \* \*:

(4) *Certified Copies of Public Records.* A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law or rule of the United States or Rhode Island."

This report is not excluded under Rule 803(8)(B) as defendant argues because it does not contain information observed by police officers or law-enforcement personnel.

■ The defendant also argues that the admission of this abstract violated his right to confrontation under the Sixth Amendment to the United States Constitution and article 1, section 10, of the Rhode Island Constitution by allowing, in effect, New York officials to testify about violations in that state. The right to confrontation under the Federal and State Constitutions does not bar all hearsay evidence. *State v. Correia,* 600 A.2d 279, 286 (R.I.1991). The admission of the abstract in this case was done under well-recognized exceptions of the hearsay rules and, therefore, did not unconstitutionally deprive defendant of his confrontation right. The report did not contain any statements by New York officials, only a notation of the New York violation. It was a report kept in accordance with state law and was kept by a public agency.

The defendant testified that his license had expired in 1976, that he knew it had expired, and that he had never renewed it. He was

aware that he had had no valid driver's license since 1976. He also admitted past convictions between 1981 and 1983 for driving without a license. Since the charges in this case relate to violations on April 4 and November 29, 1992, there was enough evidence of the other admitted convictions to support the charges of driving without a license. Also, defendant's mere denial of the New York violation did not prevent a finding that defendant was guilty of the two charges. He did not offer any evidence other than his denial that he was in New York and did not receive notice of the violation.

The defendant's assertion that the registry failed to provide him with a notice of the termination of the license he had allowed to expire in 1976, an event he admitted being aware of since 1977, is not before this court. The proper forum wherein to raise such a defense was the Administrative Adjudication Court pursuant to G.L.1956 (1982 Reenactment) § 31–43–1.2, as amended by P.L.1992, ch. 453, § 3. This court has held that when the suspension or revocation of a license is based on a "readily ascertainable event," a hearing before the fact is not necessary. *Fitzpatrick v. Pare*, 568 A.2d 1012, 1014 (R.I. 1990). According to defendant's own testimony, he allowed his license to expire in 1976 and never attempted to have it reinstated. The natural expiration date of one's driver's license is a readily ascertainable event. Such a suspension without a hearing does not offend due-process considerations.

The defendant was fully aware that his license was no longer valid, yet he continued to drive. His argument that he was unaware of the suspension of his driving privileges, in the absence of an official notification thereof, is ridiculous.

For all these reasons the defendant's appeal is denied and dismissed, the judgment of conviction appealed from is affirmed, and the papers of the case are remanded to the Superior Court.